United States District Court
Middle District of Florida
Orlando Division

**JOSE RAMON RIVERA,**

    *Plaintiff,*

v.                                                                        No. 6:20-cv-1114-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

Jose Rivera brings this action under 42 U.S.C. § 405(g) to review a final decision of the Acting Commissioner of Social Security denying his application for disability insurance benefits. Doc. 1. Under review is a decision by an Administrative Law Judge (ALJ) signed on July 3, 2019. Tr. 15–23.

Rivera argues the ALJ erred by (1) failing to resolve an asserted conflict between testimony of a vocational expert (VE) and the Dictionary of Occupational Titles (DOT) and (2) rejecting Rivera's statements about his pain and limitations. Doc. 28. The Acting Commissioner contends there is no error. Doc. 29.

## I.  Background

Rivera was born in 1968. Tr. 82. He was in a car accident in February 2017 and has been experiencing neck and shoulder pain since. Tr. 400. He applied for benefits in August 2017, alleging he had become disabled in

February 2017, Tr. 205, from bulging cervical discs, a heart attack, an "80% blockage in heart," a stent in the heart, and severe post-traumatic stress disorder, Tr. 83. He proceeded through the administrative process, failing at each level. Tr. 1–5, 82–121, 128–31, 136–42. This action followed. Doc. 1.

## II.   ALJ's Decision

The ALJ conducted a hearing in June 2019, at which Rivera—who was represented by counsel—and the VE testified. Tr. 29–58. Afterward, the ALJ issued the decision under review, proceeding through the five-step sequential process in 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found Rivera had not engaged in "substantial gainful activity" from February 8, 2017 (the alleged onset date) through December 31, 2018 (the date last insured). Tr. 17 (emphasis omitted).

At step two, the ALJ found Rivera had had severe impairments of degenerative disc disease, coronary artery disease, and hypertension. Tr. 17. The ALJ found other impairments had not been severe. Tr. 17–18.

At step three, the ALJ found Rivera had not had an impairment or combination of impairments that met or medically equaled the severity of any impairment in the regulatory listings, 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19.

The ALJ found Rivera had possessed the residual functional capacity (RFC) to perform "light work" with additional limitations:

> [J]obs must allow to be performed [sic] sitting or standing without leaving the workstation. He can occasionally climb stairs or ramps, balance, stoop, kneel, crouch and crawl, but never climb ladders, ropes or scaffolds. Reaching and handling with the left non-dominant arm

2

> could be done frequently. The claimant must avoid concentrated exposure to extremes of temperature, humidity, vibration, dust, fumes, odors and poor ventilation as well as to hazards. He is able to perform only simple and routine tasks, due to the effects of pain medication on his concentration.

Tr. 19 (emphasis omitted). ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).)

At step four, the ALJ found Rivera had been unable to perform any past relevant work. Tr. 21.

At step five, the ALJ relied on the VE's testimony and found Rivera had been able to perform other jobs as a "marker," "garment sorter," and "checker I." Tr. 22–23 (capitalization omitted). The ALJ thus found no disability. Tr. 23.

### III. Standard of Review

A court's review of a decision by the Acting Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted authority omitted). The "threshold for such evidentiary sufficiency is not high." *Id.*

If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, reweigh evidence, make credibility determinations, or

substitute its judgment for the Acting Commissioner's judgment. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

"[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). If "remand would be an idle and useless formality," a reviewing court is not required to "convert judicial review of agency action into a ping-pong game." *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969).

## IV. Law & Analysis

### A. *No apparent conflict between the VE's testimony and the DOT exists.*

At the hearing, the ALJ asked the VE about a hypothetical person limited, in part, to "jobs that would allow for standing and sitting without leaving the workstation[.]" Tr. 56. The VE testified the hypothetical person could work as a "marker," a "garment sorter," and a "checker I." Tr. 55–56 (capitalization omitted). He testified these jobs "are known to have a sit/stand option[.]" Tr. 56.

Rivera argues an apparent conflict between the VE's testimony and the DOT exists because the DOT is silent on the availability of a sit/stand option. Doc. 28 at 10. Rivera thus argues the ALJ erred in relying on the VE's testimony without resolving the conflict. Doc. 28 at 10.

At step five, an ALJ must determine whether a significant number of one or more jobs that the claimant can perform exist in the national economy. 20 C.F.R. § 404.1566(b). An ALJ may use a VE's testimony for that determination. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). For a VE's testimony to be substantial evidence, the ALJ must pose a hypothetical

4

question that includes the claimant's impairments. *Id.* An ALJ is "not required to include findings in the hypothetical that he had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161.

"When there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled." Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "The adjudicator must resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE … testimony rather than on the DOT information." *Id.* An example of a reasonable explanation includes "a VE's … experience in job placement or career counseling." *Id.* Once a conflict has been identified, an ALJ must "offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018).

"[C]ourts have uniformly held that the DOT's silence on a job requirement or limitation does not suggest the existence of a conflict between the DOT and the VE's testimony; rather, it indicates the absence of a conflict." *Ledkins v. Berryhill*, No. CV 18-00011-B, 2019 WL 1294006, at *9 (S.D. Ala. Mar. 21, 2019) (collecting cases); *see also Boone v. Saul*, No. 8:19-cv-2637-SPF, 2021 WL 252214, at *5 (M.D. Fla. Jan. 26, 2021) (finding no conflict because "the DOT, in the job descriptions at issue, does not address pushing and pulling with either extremity"). On a sit/stand option specifically, courts have found no apparent conflict. *See, e.g.*, *Webb v. Comm'r, Soc. Sec. Admin.*, 750 F. App'x 718, 723 (10th Cir. 2018); *Dewey v. Colvin*, 650 F. App'x 512, 514 (9th Cir. 2016); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364 (6th Cir. 2014); *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008); *Byrd v. Kijakazi*, No.

5

8:20-cv-875-AEP, 2021 WL 3855950, at *5 (M.D. Fla. Aug. 30, 2021); *Campbell v. Comm'r of Soc. Sec.*, No. 6:18-cv-2189-MAP, 2019 WL 6463983, at *6 (M.D. Fla. Dec. 2, 2019); *Pittman v. Comm'r of Soc. Sec.*, No. 8:17-cv-3125-DNF, 2019 WL 851423, at *6 (M.D. Fla. Feb. 22, 2019). Because the "DOT does not discuss whether jobs have a sit/stand option, … the vocational expert's testimony supplement[s], rather than conflict[s] with, DOT job descriptions." *Forrest*, 591 F. App'x at 364. These cases are persuasive. No apparent conflict between the VE's testimony and the DOT exists, and the ALJ's reliance on the VE's testimony at step five was proper.

### B. *The ALJ committed no error in rejecting Rivera's statements about his impairments.*

To determine disability, the Social Security Administration (SSA) considers a claimant's symptoms and the extent to which they "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Statements about symptoms alone cannot establish disability. *Id.* § 404.1529 (a), (b). Objective medical evidence from an acceptable medical source must show a medical impairment that "could reasonably be expected to produce the … symptoms" and, when considered with the other evidence, would lead to a finding of disability. *Id.* § 404.1529(a), (b).

The finding that an impairment could reasonably be expected to produce the alleged symptoms does not involve a finding on the intensity, persistence, or functionally limiting effects of the symptoms. *Id.* § 404.1529(b). For that finding, the SSA considers all available evidence, including medical history, medical signs, laboratory findings, and statements about how the symptoms affect the claimant. *Id.* § 404.1529(a), (c). The SSA then determines the extent

6

to which the "alleged functional limitations and restrictions due to … symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how" the symptoms affect the ability to work. *Id.* § 404.1529(a).

Factors relevant to evaluating the claimant's symptoms include daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication to alleviate the symptoms; treatment for the symptoms other than medication; and measures used to relieve the symptoms. *Id.* § 404.1529(c)(3).

To determine the extent to which the claimant's symptoms affect his capacity to perform basic work activities, the SSA considers statements about the intensity, persistence, and limiting effects of the symptoms; the statements in relation to the objective medical and other evidence; any inconsistencies in the evidence; and any conflicts between the statements and other evidence, including history, signs, laboratory findings, and statements by others. *Id.* § 404.1529(c)(4).

An ALJ must clearly articulate explicit and adequate reasons for rejecting a claimant's testimony about symptoms. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). A court will not disturb a clearly articulated finding about the claimant's symptoms if it is supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Rivera argues the ALJ erred by failing to consider the relevant factors and provide specific reasons for rejecting his statements about his pain and limitations. Doc. 28 at 12–13.

Contrary to Rivera's argument, the ALJ considered the relevant factors and provided adequate reasons for partly rejecting his statements. The ALJ summarized Rivera's reports that he had severe shoulder pain and difficulty lifting, squatting, bending, standing, walking, and stair climbing. Tr. 20. The ALJ found Rivera's allegations about the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the evidence of record. Tr. 20. The ALJ then discussed evidence she found inconsistent with Rivera's complaints, *see* Tr. 20–21, as follows.

After the car accident in February 2017, Rivera underwent an MRI of his cervical spine, which showed mild findings. Tr. 370–71. Rivera received chiropractic care after the accident. Tr. 441–521 (medical records from February to May 2017). In March 2017, Rivera was admitted to the emergency room with chest pain and underwent angioplasty. Tr. 392–98. The examination findings were largely normal. Tr. 393–94 (ER records showing Rivera had no back pain, his neck was supple, he had no musculoskeletal swelling or deformity, and he had a normal lower extremity exam). Rivera takes medication for pain and heart-related symptoms. *See, e.g.*, Tr. 698–99, 787–88, 790. September 2017 pain management records show Rivera's gait was normal. Tr. 554. (The administrative transcript contains other medical records showing normal gait the ALJ did not cite. *See* Tr. 728, 736, 740, 744, 752, 756.) Although records from the Trina Hidalgo Heart Care Center show Rivera occasionally complained of chest pain, "overall the symptoms ha[d] been stable." Tr. 21 (quoted); *see, e.g.*, Tr. 789, 791–92, 799, 819–20, 846, 849 (medical records

showing normal cardiovascular findings, ambulation, motor strength, and movement of all extremities).

The ALJ clearly articulated pain findings, and the findings are supported by substantial evidence—the evidence supporting the RFC and described by the ALJ—leaving the Court with no basis for reversal. Of note, Rivera points to nothing in the record that the ALJ should have considered but did not. Remand to reconsider Rivera's statements is unwarranted.

## V.     Conclusion

The Court **affirms** the Acting Commissioner's decision and **directs** the clerk to enter judgment for the Acting Commissioner and against Jose Rivera and close the case.

**Ordered** in Jacksonville, Florida, on March 28, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

9